UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH DEHONEST JORDAN,

    Plaintiff,

v.

WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT, et al.,

    Defendants.

CASE NO. 3:21-CV-5348-RJB

REPORT AND RECOMMENDATION

Noting Date: July 30, 2021

    The District Court has referred Plaintiff's pending Application to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

    On May 7, 2021, Plaintiff Joseph Dehonest Jordan filed a proposed civil complaint and, on May 11, 2021 and May 13, 2021, Plaintiff filed applications to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkt. 1, 6, 7. The Court screened Plaintiff's proposed complaint and found it failed to state a claim. Dkt. 10. The Court directed Plaintiff to file an amended complaint and re-noted his Applications for IFP for July 7, 2021. *Id*.

On June 16, 2021, Plaintiff filed a proposed amended complaint. Dkt. 11. On June 28, 2021, Plaintiff filed an additional document that also appears to be a proposed amended complaint. *See* Dkt. 14-2. The Court has now screened Plaintiff's proposed amended complaint and finds Plaintiff has not stated a claim upon which relief can be granted. The Court concludes leave to amend is not warranted and recommends Plaintiff's Applications for IFP (Dkt. 6, 7) be denied and this case be dismissed.

**Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that he is unemployed. *See* Dkt. 7, p. 1. As of May 12, 2021, Plaintiff states he has no cash on hand and no money in his bank accounts. *Id*. at p. 2. Plaintiff has no assets and housing costs more than he "bring[s] in from unemployment." *Id*. Plaintiff states that "unemployment is purposely messing up [his] payments." *Id*. However, it is unclear if Plaintiff is receiving unemployment payments and, if so, the amount of the payments. *See id*. at p. 1.

**Review of the Amended Complaint.** The Court has carefully reviewed the proposed amended complaint in this matter. Because Plaintiff filed this proposed amended complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

In the proposed amended complaint, while difficult to decipher, Plaintiff states he has been denied proper unemployment payments beginning in 2019. Dkt. 11. He states the Washington State Employment Security Department denied him due process and caused "fake

overpayments." *Id*. Plaintiff contends he was forced to waive an overpayment that was actually a back payment. *Id*. Plaintiff also states he has been discriminated against. *See* Dkt. 14-2.

      ***Sua Sponte* Dismissal – Standard on Rule 12 (b).** Pursuant to Fed. R. Civ. P. 12(b), a case may be dismissed for "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12b)(6), a federal court may dismiss a case *sua sponte* when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

      **Analysis of Plaintiff's Claims**. In the proposed amended complaint, Plaintiff names the Washington State Employment Security Department and the Washington Department of Enterprises as the only Defendants. Dkt. 11; *see also* Dkt. 14-2. The Eleventh Amendment bars federal actions against a state brought by its own citizens, whether the relief sought is legal or equitable. *See* U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974) ("While the Amendment by its terms does not bar suits against a State by its own citizens, this Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State."). "State agencies are similarly immune."

*Spokane Cty. Deputy Sheriffs Ass'n v. State of Washington Dep't of Emp. Sec.*, 317 F. App'x 599, 600–01 (9th Cir. 2008). However, "[a] state may waive its immunity if it voluntarily invokes the jurisdiction of a federal court or if it makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." *In re Harleston,* 331 F.3d 699, 701 (9th Cir. 2003) (citation omitted). Here, there is no indication Defendants, both state agencies, have waived sovereign immunity rights under the Eleventh Amendment. Therefore, the Court finds Plaintiff cannot state a claim upon which relief can be granted. *See Spokane Cty. Deputy Sheriffs Ass'n*, 317 F.App'x at 601 (finding district court correctly dismissed a complaint against Washington Department of Employment Security on the basis of Eleventh Amendment immunity); *Safouane v. Fleck*, 226 F. App'x 753, 760 (9th Cir. 2007) ("Washington state courts have held that the State of Washington has not waived its Eleventh Amendment immunity for purposes of actions under § 1983.").

**Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Plaintiff has been allowed to amend his proposed complaint and the Court instructed Plaintiff regarding the deficiencies of his proposed complaint. *See* Dkt. 10. Moreover, it does not appear Plaintiff can cure the deficiencies of his proposed amended complaint as the named defendants have sovereign immunity. Therefore, the Court recommends Plaintiff not be given additional leave to amend. *See Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**Decision on Application to Proceed IFP**. A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action

is frivolous or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). Based upon the above analysis of the deficiencies in the proposed amended complaint, the Court recommends Plaintiff's Applications to proceed IFP (Dkt. 6, 7) be denied.

**Conclusion.** For the above stated reasons, the Court finds Plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted. As Plaintiff has failed to state a claim, the Court recommends the Applications to Proceed IFP (Dkt. 6, 7) be denied and this case be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 30, 2021, as noted in the caption.

Dated this 15th day of July, 2021.

David W. Christel
United States Magistrate Judge